### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Subchapter V |
| CLOVER FAST FOOD, INC., | ) | |
| | ) | Case No. 23-11812 (BLS) |
| Debtor. | ) | |
| | ) | **Re: Docket Nos. 153, 187, 194** |

## ORDER CONFIRMING MODIFIED PLAN OF REORGANIZATION

A hearing having been held to consider confirmation of the *Modified Chapter 11 Plan of Reorganization* [Docket No. 187] (the "Plan").  Appearances were noted on the record. The court has reviewed and considered the Plan, the record in this case, and the statements of counsel on the record at the hearing, including the Declaration of Julia Wrin Piper in Support of the Plan (the "**Wrin Piper Declaration**") [Docket No. 194], and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware; and no objections to the Plan having been filed; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. This Court has jurisdiction over the Bankruptcy Case[1] pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L), and this Court has the exclusive jurisdiction to consider confirmation of the Plan and enter a final order with respect thereto.

D. On the Petition Date, the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor has continued as a debtor in possession pursuant to Sections 1108 and 1184 of the Bankruptcy Code.  On November 7, 2023, the Office of the United States Trustee filed the *Notice of Appointment of Subchapter V Trustee* [Docket No. 19], appointing David M. Klauder as the subchapter V trustee pursuant to Section 1183(a) of the Bankruptcy Code and 28 U.S.C. § 586(a)(3).

E. On February 4, 2024, the Court entered the *Order (I) Scheduling a Hearing on Plan Confirmation and Deadlines Related Thereto; (II) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (III) Granting Related Relief* (the "**Solicitation Order**") which approved the solicitation, voting procedures, and deadlines for voting on and objecting to the Plan [Docket No. 155].

F. As set forth in the Wrin Piper Declaration, the Debtor, through Reliable Companies, transmitted and served the solicitation packages and Ballots in compliance with the Solicitation Order and Bankruptcy Rules, and such transmittal and service were adequate and sufficient. The Debtor has provided due, proper, timely, adequate and sufficient notice to all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan), in accordance with the Solicitation Order and the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Plan.

276332110

Bankruptcy Rules, and all creditors and parties-in-interest have had ample opportunity to appear and be heard with respect thereto, and no other or further notice is required.

G.      Based on the Wrin Piper Declaration, the Debtor properly solicited the Plan and, as such, fully complied with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, and 3018, the Local Rules of Bankruptcy Procedure, and applicable orders of this Court including, without limitation, the Solicitation Order. The Debtor, through its counsel, solicited and tabulated votes for acceptance or rejection of the Plan fairly, in good faith and in a manner consistent with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Solicitation Procedures Order, and all other applicable laws and regulations. The Debtor, Debtor's Professionals, and all of their respective directors, officers, employees acting in such capacity during the Bankruptcy Case, have acted in good faith within the meaning of Sections 1125(e) and 1129(a)(3) of the Bankruptcy Code and are, thus, entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

H.      The Plan adequately and properly identifies and classifies all Claims and Interests. Pursuant to Section 1122(a) of the Bankruptcy Code, the Claims and Interests placed in each Class are substantially similar to other Claims and Interests in each such Class. Pursuant to Section 1123(a)(1) of the Bankruptcy Code, valid legal and business reasons exist for the Classes of Claims and Interests under the Plan and such classification does not unfairly discriminate among Holders of Claims and Interests. The Plan's classification of Claims and Equity Interests is reasonable.

I.      The Court finds that only General Unsecured Claims (Class 3) are impaired under the Plan and entitled to vote to accept or reject the Plan. As evidenced by the Wrin Piper Declaration, Class 3 voted to accept the Plan. The Court further finds that the Secured Claims (Class 1), Priority Claims (Class 2), and Interests (Class 4) are unimpaired and, as such, are presumed to have accepted the Plan.

276332110

J.      Based on the Wrin Piper Declaration and blackline of the Plan [Docket No. 188], the Court finds and concludes that the modifications to the Plan do not have any material adverse impact on any interested party and are appropriate under the circumstance.  As set forth in the Wrin Piper Declaration, all modifications to the Plan were accepted in writing by any affected interested party.  In accordance with Section 1127(b) of the Bankruptcy Code and Bankruptcy Rule 3019(a), the Plan is deemed accepted by all creditors and Interest Holders who have previously accepted the Plan.

K.      Pursuant to Bankruptcy Rule 3016(c), the Plan describes in specific and conspicuous language all acts and identifies all entities that are subject to exculpation provided under the Plan, specifically, in Section 9.06 thereof. The Court finds that such exculpation provision is: (i) within the jurisdiction of the Court under 28 U.S.C. § 1334; (ii) essential to the implementation of the Plan pursuant to Section 1123(a)(5) of the Bankruptcy Code and warranted by the circumstances of this Bankruptcy Case; (iii) an integral element of the Plan; (iv) fair, equitable, and in the best interests of Debtor's estate and its creditors; (v) important to the overall objectives of the Plan; and (vii) consistent with Sections 105, 1123, and 1129 of the Bankruptcy Code, and other applicable provisions of the Bankruptcy Code.

L.      In accordance with Section 1123(b)(2) of the Bankruptcy Code, on the Effective Date, the Debtor shall be (i) conclusively deemed to have assumed all unexpired leases of non-residential real property identified on Section 7.01 of the Plan, (ii) the Debtor shall be conclusively deemed to have assumed all executory contracts identified on Section 7.02 of the Plan, and (iii) pursuant to Section 7.03 of the Plan, all other unexpired leases and executory contracts not listed above in Section 7.01 or 7.02 or not previously assumed or rejected shall be deemed rejected.

M.      For the reasons set forth in the Wrin Piper Declaration, the Debtor has satisfied, and the Plan complies with, all applicable provisions of Section 1129(a) of the Bankruptcy Code, which are expressly made applicable by Section 1191(a) of the Bankruptcy Code:

a.      The Plan satisfies 11 U.S.C. § 1129(a)(1).  The Plan complies with the applicable provisions of the Bankruptcy Code, including the proper classification of claims or interests under 11 U.S.C. § 1122 and requisite contents of the plan under 11 U.S.C. § 1123.

b.      The Plan satisfies 11 U.S.C. § 1129(a)(2).  The Debtor complies with the applicable provisions of the Bankruptcy Code and is eligible to be a debtor under Chapter 11 of the Bankruptcy Code.

c.      The Plan satisfies 11 U.S.C. § 1129(a)(3).  The Plan has been proposed in good faith and not by any means forbidden by law.  There is a reasonable likelihood that the Plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code.  The Plan provides for the payment of creditors in an amount greater than if the Debtor was liquidated and permits the Debtor to continue as an on-going basis.

d.      The Plan satisfies 11 U.S.C. § 1129(a)(4).  All payments to be made by the Debtor, including the Exit Financing, have been disclosed and, through approval of the Plan, are subject to the approval of the Bankruptcy Court as reasonable.  The Bankruptcy Court will further approve all final fees and costs of Professionals in the Chapter 11 case.

e.      The Plan satisfies 11 U.S.C. § 1129(a)(5).  The Plan discloses all post-confirmation compensation of all "insiders."  Section 8.06 of the Plan provides, pursuant to 11 U.S.C. § 1129(a)(5), the title and compensation for all "insiders" of the Debtor as of the hearing on confirmation of the Plan.  The compensation for all "insiders," as of the Effective Date, shall not exceed such compensation as of the Petition Date.

276332110

f.      11 U.S.C. § 1129(a)(6) is not applicable.

g.      The Plan satisfies 11 U.S.C. § 1129(a)(7).  Class 3 is the only impaired class and each holder of a claim in Class 3 will receive an amount greater than if the Debtor was liquidated under chapter 7 of the Bankruptcy Code.  *See* <u>Plan</u>, at Exhibit E.

h.      The Plan satisfies 11 U.S.C. § 1129(a)(8).  Each class of claims or interest under the Plan has either accepted the Plan or such class is not impaired under Plan.  Classes 1, 2, and 4 of the Plan are not impaired.  Class 3 claims are impaired and voted to accept the Plan.  *See* Docket No. 190.

i.      The Plan satisfies 11 U.S.C. § 1129(a)(9).  The Plan provides that all administrative claims will be paid in full on or prior to the Effective Date, unless otherwise agreed, and the unclassified tax clams and priority tax claims will be paid in full on the Effective Date.

j.      The Plan satisfies 11 U.S.C. § 1129(a)(10).  Class 3 is impaired under the Plan and has accepted the Plan, without including any acceptance of the Plan by any insider.

k.      The Plan satisfies 11 U.S.C. § 1129(a)(11).  The Plan is not likely to be followed by a liquidation and the Plan is feasible.  The Debtor will be able to make all payments proposed under the Plan with the infusion of the Exit Financing on the Effective Date.

l.      The Plan satisfies 11 U.S.C. § 1129(a)(12).  The Debtor timely paid its filing fee, under 28 U.S.C. § 1930, and no U.S. Trustee quarterly fees are due for a case filed under Subchapter V of Chapter 11.

m.      The Plan satisfies 11 U.S.C. § 1129(a)(13).  No retiree benefits are due or payable and § 1129(a)(13) is not applicable.

n.      The Plan satisfies 11 U.S.C. § 1129(a)(14).  No domestic support obligation is due or payable and § 1129(a)(14) is not applicable.

o.      The Plan satisfies 11 U.S.C. § 1129(a)(15).  The Debtor is not an individual and § 1129(a)(15) is not applicable.

p.      The Plan satisfies 11 U.S.C. § 1129(a)(16).  The Plan does not provide for any transfer of property, except for the Distributions payable to holders of Allowed Claims

N.      The Debtor has satisfied all of the requirements for Confirmation of the Plan under Section 1191(a) of the Bankruptcy Code. Confirmation of the Plan is in the best interests of the Debtor's estate, the Debtor's creditors, and all other parties in interest.

O.      The Debtor shall not be in default under the Plan if Distributions are made pursuant to the terms of the Plan.

**IT IS HEREBY ORDERED THAT:**

1.      The foregoing findings are hereby incorporated into and form an integral part of this Order.

2.      Notice of the Confirmation Hearing was: (i) appropriate and satisfactory based upon the circumstances of this Case and (ii) in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law.

3.      The Plan, as modified, does not have any material adverse impact on any interested party, and any affected party has consented in writing.  The Plan may be implemented without further notice, hearing, or solicitation, and the modifications are appropriate under the circumstances. In accordance with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims who voted to accept the Plan are deemed to have accepted the Plan as modified.

4.      The Plan is hereby CONFIRMED in its entirety under Section 1191(a) of the Bankruptcy Code.

5.      Upon the Effective Date, the following unexpired leases of non-residential real property shall be assumed and any outstanding arrears owed to the listed counterparty shall be paid, in full, as set forth below:

|     | Lessor | Lease / Contract | Cure Amount |
|-----|--------|------------------|-------------|
| (a) | 160 Federal Owner LLC (FIN) | Lease for premises at 160 Federal Street Boston, MA | $0.00 |
| (b) | BP Five CC LLC (KND) | Lease for premises at: 5 Cambridge Center Cambridge, MA | N/A |
| (c) | BP Prucenter Acquisition LLC  (PRU) | Lease for premises at: 800 Boylston Street #15 Boston, MA | $16,025.85 |
| (d) | Central Property Management LLC  (HFI) | Lease for premises at: 494-496 Massachusetts Ave. Cambridge, MA | $6,968.96 |
| (e) | Fernando L. Laranjera Realty Trust  (HUB) | Lease for premises at: 1075-1079 Cambridge Street Cambridge, MA | $18,566.01 |
| (f) | Knickerbocker Longwood LLC (LMA) | Lease for premises at: 360 Longwood Ave. Boston, MA | $31,385.59 |
| (g) | Linear Retail Burlington #1 LLC  (BUR) | Lease for premises at: 68-82 Burlington Mall Road Burlington, MA | $13,533.00 |
| (h) | NS 27 School LLC (DTX) | Lease for premises at: 25-27 School Street, Boston, MA | $30,000.00 |
| (i) | President and Fellows of Harvard College  (HSC) | Lease for premises at: 1 Oxford Street Cambridge, MA | $0.00 |

276332110

Case 23-11812-BLS    Doc 209    Filed 03/19/24    Page 9 of 13

| | | | |
|---|---|---|---|
| (j) | President and Fellows of Harvard College  (HSQ) | Lease for premises at: 1326 Massachusetts Ave. Cambridge, MA | $12,555.17 |
| | | | |
| (k) | Washington Place Owner LLC  (NTV) | Lease for premises at: 835 Washington Street Newton, MA | $13,634.63 |
| | | | |
| (l) | Whole Foods Market Group, Inc. | Supplier license agreement for premises at: 536 Boston Post Road Sudbury, MA | $464.18 |
| | | | |
| (m) | Whole Foods Market Group, Inc. | Supplier license agreement for premises at: 160 Littleton Rd. Westford, MA | $614.63 |

All amendments or modifications to unexpired leases of real property set forth in the Plan are approved and the Debtor is authorized to enter into or execute any agreements as necessary to effectuate such amendments or modifications.

6.      Upon the Effective Date, the following executory contracts and unexpired leases (other than non-residential real property) shall be assumed and any outstanding arrears owed to the listed counterparty shall be paid, in full, as set forth below:

| | Counterparty | Lease / Contract | Cure Amount |
|---|---|---|---|
| (a) | Antares Group Inc. | Consulting Contract | $0.00 |
| | | | |
| (b) | Antares Group Inc. | Software Contract | $0.00 |
| | | | |
| (c) | Heroku | Main Services Agreement | $332.56 |
| | | | |
| (d) | LFT Joy Street LLC | Parking Spaces | $1,500.00 |
| | | | |
| (e) | NBM | Lease agreement for professional grade printer | $791.83 |
| | | | |

-9-

276332110

| (f) | NBM | Equipment Maintenance Contract | N/A (Above) |
|-----|-----|-------------------------------|-------------|
|     |     |                               |             |

7.      All other unexpired leases and executory contracts not listed above in Paragraphs 5-6 or not previously assumed or rejected shall be deemed rejected.  The terms of all orders entered in the Bankruptcy Case providing for the assumption or rejection of any executory contracts and unexpired leases shall continue in full force and effect notwithstanding confirmation of the Plan or any discharge of the Debtor.  **The deadline for any counterparty to an executory contract or unexpired lease rejected pursuant to Paragraph 7 to file a proof of claim shall be 30 days after the Effective Date.**

8.      Effective as of the entry of this Order, but subject to applicable due process rights and the occurrence of the Effective Date, to the fullest extent of applicable law including, without limitation, Section 1141 of the Bankruptcy Code, the Plan and this Order shall be binding on: (i) the Debtor; (ii) all Holders of Claims and Interests, irrespective of whether such Claims and Interests asserted or unasserted, manifested or unmanifested or known or unknown; and (iii) each person or entity acquiring property under the Plan.

9.      As the Plan is confirmed under § 1191(a) of the Bankruptcy Code, as of the Effective Date, the Debtor shall be discharged from any debt that arose before the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6) of the Bankruptcy Code.

10.     The Debtor is hereby authorized and fully empowered to take any and all actions as may be necessary and appropriate to consummate, effectuate, and implement the Plan and all transactions contemplated thereby. The Debtor is further authorized to operate its business and

276332110

may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and in all respects as if there were no pending Case under any chapter or provisions of the Bankruptcy Code. The Debtor may also settle or compromise any Claims without Court approval.

11.     **The deadline for the Holders of Administrative Expense Claims, other than those of Professionals and the Subchapter V Trustee Fees, but including any governmental unit, to file a request for payment thereof in the Case is thirty (30) days following the Effective Date (the "<u>Administrative Expense Claim Deadline</u>").** Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full no later than the thirty (30) days following the Administrative Expense Claim Deadline, in cash, or upon such other terms as may be agreed upon by the Holder of an Administrative Expense Claim and the Debtor.

12.     In accordance with the terms of the Plan and as soon as reasonably practicable after the Effective Date, the Debtor shall file a notice of occurrence of the Effective Date with the Court and serve it upon all known creditors and parties required to receive notice pursuant to Bankruptcy Rule 2002. The notice of occurrence of the Effective Date shall further inform all creditors and parties entitled to notice of the Administrative Expense Claim Deadline.

13.     Pursuant to Section 1141(b) of the Bankruptcy Code, except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Reorganized Debtor. Except as provided in Sections 1141(d)(2) and (3) of the Bankruptcy Code, and except as otherwise provided in the Plan or in this Confirmation Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and interests of creditors.

276332110

14.     Except as otherwise provided in the Plan or this order, all persons and entities are permanently enjoined by the Plan from commencing or continuing any action, employing any process, asserting or undertaking any act to collect, recover, or offset, directly or indirectly, any claims, rights, causes of action, liabilities or interests in or against any property distributed or to be distributed under the Plan, or vested in the Debtor, based upon any act, omission, transaction, or other activity that occurred before the Effective Date, except to the extent a person or entity holds an allowed claim under the Plan, is entitled to a distribution under the Plan in accordance with its terms, and seeks to enforce its rights to payment under the Plan and this Order. Any person or entity injured by any willful violation of such injunction may recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages, from the willful violator.

15.     Notwithstanding the entry of this Order or the occurrence of the Effective Date, this Court shall retain jurisdiction over all matters arising in, arising under, or related to this Case to the fullest extent legally permissible.

16.     This Confirmation Order shall be binding upon, and inure to the benefit of, the Debtor's successors, designees, assigns, beneficiaries, executors, administrators, and/or personal representatives.

17.     The provisions of the Plan and this Order shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided, however,* that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be so reconciled, then solely to the extent of such inconsistency the provisions of this Order shall govern. The provisions of this Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of this Court.

18.    Once the Debtor's estate has been fully administered, as provided in Bankruptcy Rule 3022, the Reorganized Debtor, or such other party as the Bankruptcy Court designates, shall file a motion with the Bankruptcy Court to obtain a final decree to close the Case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

19.    In accordance with 11 U.S.C. § 1183(c)(1), the Subchapter V Trustee's services shall automatically terminate upon the Plan's substantial consummation.  Not later than fourteen (14) days after the Plan's substantial consummation, the Debtors shall file the notice required under Section 1183(c)(2).

20.    Within five (5) business days of the entry of this Order, the Debtor shall transmit a copy of this Order via first class mail with postage prepaid to all of Debtor's known creditors and parties-in-interest. Such notice shall be adequate under the circumstances and shall be sufficient to meet the requirements necessary for due process and Bankruptcy Rule 2002(f)(7).

**Dated: March 15th, 2024**
**Wilmington, Delaware**

BRENDAN L. SHANNON
**UNITED STATES BANKRUPTCY JUDGE**

276332110